OSCAR ROSARIO ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. G-63-7.     Decided January 27, 1964.

*Rafael Martínez Álvarez, Jr.,* and *Hernán C. Torres Platini* for appellants. The respondent registrar appeared by brief.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Oscar Rosario and his wife executed a public deed under the name "Execution of Mortgage To Secure Note to Bearer." It was stated therein that "a note to bearer for the amount of eight thousand dollars" had been signed. However, the text of the obligation copied in the document, insofar as pertinent, says: "Mortgage note. Value $8,000. Maturity Date: at sight. We owe and promise to pay to bearer, holder, or lawful endorser of this obligation, or at his order, on the date of presentation, the amount of eight thousand dollars . . . ."

 They proceeded to execute and executed a mortgage on their urban property "to secure to bearer, holder, or lawful endorser the mortgage note executed. . . ." Presented for registration it was denied by a note which says:

"BY VIRTUE THEREOF AND OBSERVING that the execution of the mortgage lien is ambiguous inasmuch as while in paragraph four of the title object of entry the debtors state that the secured note is made 'to the bearer,' it appears from the text thereof copied in the title that said obligation takes

on the modality of being payable 'to the bearer, holder or lawful endorser, or at his order'; it appearing from the fifth paragraph of said title that said obligation is made 'to the bearer, transferable by delivery or by endorsement,' the mortgage being constituted 'in favor of said obligation and its lawful bearer, holder or endorser,' while in subdivision 'F' of said paragraph five it refers to the 'holder of the mortgage obligation'; it thus being doubtful whether to record the instrument in favor of the bearer or in favor of the endorser, and it being contrary to law to record it in favor of the bearer by delivery (bearer) or of the bearer by endorsement (endorser), simultaneously, because it is contrary to the principle of specification and publication which requires certainty in the registration entries for the knowledge of third persons and for its cancellation at the proper time that the modalities taken by the guaranteed note, as well as those used in the title of 'transferable by delivery or by endorsement' have different meanings, thus for registration purposes, the mortgage which secures an obligation to bearer and that which secures an obligation to order or by endorsement being different; all that pursuant to the provisions of sections eighty-two and one hundred fifty-three of the Mortgage Law and section one hundred thirty-two of its Regulations and the doctrine in the cases of Expósito v. Robert, 11 P.R.R. 14, 20; Mari v. Registrar, 36 P.R.R. 375; Hau v. Registrar, 58 P.R.R. 804; Dominici v. Registrar, 59 P.R.R. 760, 763, and Banco de Ponce v. Registrar, 72 P.R.R. 123, record IS HEREBY DENIED on said grounds and a cautionary note is entered instead for the statutory period in favor of the mortgagee on his mortgage right."

After a careful examination of the document in question, of the legal provisions applicable, and of our case law on this matter, we do not consider the refusal to record proper.

There is no ambiguity, confusion, or inaccuracy that may lead a third person to error or tend to prejudice him either under the terms of the obligation itself, which is secured, or under the terms of the lien constituted. Section 32, Mortgage Law. We admit, however, that the document could have been drafted more clearly and properly, but it is sufficient as it is. Section 153 of the Law provides that obligations

negotiable by endorsement or securities to the bearer which payment may be secured by mortgage "may be constituted by the owner of an estate or interest, without specifying the name of the creditor, executing them generically to the order of the person in whose favor the handwritten documents may be transferred or endorsed by the mortgagor." Section 184 of its Regulations provides that "when it is not possible to state the name and surname of the person or persons in whose favor the record is made, on account of obligations payable to bearer being involved, it shall be stated that the mortgage is constituted in favor of the holders of the obligations referred to in the deed. . . ."

■ The mortgage principle of specification invoked by the respondent registrar does not preclude the registration of the mortgage in favor of an indeterminate party, because the amendment of 1912 to said § 153, as we held in *Banco Territorial y Agrícola* v. *Registrar*, 43 P.R.R. 211, 216 (Del Toro) (1932), "deviated somewhat from the principle of specification by permitting the record in favor of persons unknown to the registry."

In *Heirs of Franceschi* v. *Registrar*, 39 P.R.R. 665, 667 (Texidor) (1929), concerning the nature and characteristics of said obligations, we had already said:

"We may agree with the doctrine of Aragones that a mortgage to secure current accounts may be one which refers to future obligations, inasmuch as a current account, while it is open, is nothing more than the germ of an obligation which will be determined and fixed in a more or less remote future. But we do not agree that mortgages which secure obligations transferable by indorsement, or payable to bearer, have that same character; that in these the obligation exists from a beginning, the amount is determined and only the *special name* of the creditor is variable, but the generic name of such creditor, indorser or bearer is fixed. The mortgage is born at the time of the execution of the deed and it is not necessary to wait for

the name of the creditor to be specified or singularized, since generically it is determined."

The Spanish Mortgage Law of 1861 did not authorize mortgages for transferable obligations or to bearer, but they were admitted in its reform of 1869. In the Statement to the Courts, which was drafted by reason of said reform, among other things it says:

"For the purpose of the Mortgage Law, with regard to the credit on real property, it is essential that the registry makes known the properties encumbered and the amount of the encumbrances, without it being absolutely necessary to designate the persons entitled to demand the performance of the secured obligation, which will be established in the courts of justice at the proper time."

The cases cited by the registrar in the light of the surrounding circumstances are not applicable to the present appeal. The note object of this appeal will be reversed.